# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### DOCKET NO: 1:19-CV-00338-MOC

| | |
|---|---|
| **GLEN ANDREWS, as grantor over the Estate of Glen Andrews,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) **ORDER** |
| **WELLS FARGO HOME MORTGAGE, et al.,** | )<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's pro se document, titled "Motion to Confirm Arbitration Award," which requests the Court to "enter judgment against" Defendant and to require "the return of properties." (Doc. No. 1 at 1–2).

The document and its attachments are non-sensical. For example, Plaintiff attached a "Conditional Acceptance for Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering," whereby he purportedly submitted an "equitable remittance coupon" to Defendant for "$266,240.00xx" to "assign and pledge the total value of [his] obligation to the United States of America." (Doc. No. 1-2 at 2). But just a few lines later, the document states Plaintiff has no "agreement/contract [with] the United States." (Id.). Similarly, Plaintiff asserts Defendant committed a "violation of [his] right to property, a constitutional [sic] sanctioned and secured right," (Doc. No. 1 at 2), but then asserts he is "not a signatory; nor a party, to [the] 'social compact' (contract) known as the Constitution (Charter) of the United States," (Doc. No. 1-2 at 2).

Under Federal Rule of Civil Procedure 3, "the only way to begin a federal civil action is by filing a complaint with a federal district court." Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016). Where a party fails to file a complaint, then the action may be dismissed for failure

to comply with the applicable rules of civil procedure. See, e.g., United States v. Hames, 122 F. App'x 706, 707 (5th Cir. 2004); Application of Howard, 325 F.2d 917, 920 (3d Cir. 1963); Cowan v. Bullock, No. 15-CV-17, 2015 WL 4218522, at *1 (D. Mont. July 10, 2015); Avillan v. Donahue, No. 12-CV-3370, 2013 WL 12084502, at *2 (S.D.N.Y. Feb. 15, 2013), aff'd, 568 F. App'x 73 (2d Cir. 2014); Cochran v. Bank of New York, No. 4:12-CV-0056, 2014 WL 12491998, at *3 (N.D. Ga. Mar. 20, 2014). Even applying a liberal construction, the Court cannot construe Plaintiff's document as a civil complaint. Thus, Plaintiff's action should be dismissed for failure to comply with applicable rules.

Even assuming Plaintiff's document could be construed as a complaint, it is well-established that district courts have "inherent authority to dismiss frivolous complaints." Traywick v. Med. Univ. of S.C., 671 F. App'x 85, 86 (4th Cir. 2016) (citing Mallard v. United States Dist. Court, 490 U.S. 296, 307–08 (1989)); see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee"). After reviewing the document, the Court finds its fantastical assertions have no basis in law or fact. Accordingly, the "complaint" should be dismissed as frivolous.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's document, stylized as a "Motion to Confirm Arbitration Award" (#1), is **DISMISSED.**

Signed: January 3, 2020

Max O. Cogburn Jr.
United States District Judge